IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JORGE A MARTINEZ, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS; AND MARTIN ALVAREZ, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED PERSONS;<br>*Plaintiffs*<br><br>-vs-<br><br>MASTER FLOW TECHNOLOGIES, LLC,<br>*Defendant* | § § § § § § § § § § § § § § § § § | SA-23-CV-00227-XR |

## ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT

### BACKGROUND

This case arises under the Fair Labor Standards Act ("FLSA"). On February 24, 2023, Plaintiffs Jorge A. Martinez ("Martinez") and Martin Alvarez ("Alvarez") (collectively "Plaintiffs") brought this suit on behalf of themselves and others similarly situated against Defendant Master Flow Technologies, LLC ("MFT") for misclassification and unpaid overtime wages. ECF No. 1–1. Plaintiffs allege they were hired as oilfield helpers by MFT and routinely worked over forty hours a week. *Id.* at 3. Plaintiffs assert that while they were hired as "salaried helpers," MFT intentionally misclassified them as exempt employees to avoid paying them overtime wages. *Id.* at 1, 3. Plaintiffs seek to recover damages for unpaid wages, liquidated damages, and attorney's fees. *Id.* at 6.[1]

MFT filed its answer on March 22, 2023, denying Plaintiffs allegations. ECF No. 9. On June 28, 2023, MFT's counsel moved to withdraw their representation, which the Court granted

---

[1] Although Plaintiffs filed suit "on behalf of themselves and others similarly situated," they only seek default judgment on their own behalf.

1

the next day. ECF No. 17. MFT later obtained new counsel who withdrew as well. ECF No. 22. MFT was then twice ordered to obtain counsel because "limited liability companies such as [MFT] are not permitted to proceed pro se," ECF Nos. 23, 24, but failed to do so. Due to this, the Clerk struck MFT's answer, and the Clerk properly entered default. ECF No. 25. MFT has not obtained new counsel or moved to set aside the entry of default, and Plaintiffs now move for default judgment.

## DISCUSSION

### I. Legal Standard

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). After a default has been entered and the defendant fails to appear or move to set aside the default, the court may, on the plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2). A party is not entitled as a matter of right to default judgment, even where the defendant technically is in default. *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012); *see also D'Costa v. Abacus FoodMart Inc.*, 4:21-CV-4031, 2023 WL 1094019, at *2 (S.D. Tex. Jan. 26, 2023) (citation omitted) ("appropriateness of default judgment depends on '(1) whether a default judgment is procedurally warranted; (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief; and (3) what form of relief, if any, Plaintiffs should receive.'")

### II. Analysis

#### A. Jurisdiction

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Turnakovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). "[S]ervice of process . . . initiates a defendant's obligations in a civil suit[.]" *Jefferson v. Delgado Cmty. Coll. Charity Sch. of Nursing*, 602 F. App'x 595, 598 (5th Cir. 2015) (per curiam). Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life & Accident Ins.*, 167 F.3d 933, 940 (5th Cir. 1999). "[A] party's right to object to personal jurisdiction certainly is waived under Rule 12(h) if such party fails to assert that objection in his first pleading or general appearance." *Jackson v. FIE Corp.*, 302 F.3d 515, 523 (5th Cir. 2002) (citations omitted).

Because Plaintiffs assert FLSA claims under 29 U.S.C. § 201 *et seq.*, they invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. The Court has personal jurisdiction over MFT because it was properly served, ECF No. 4, and MST waived any objection to personal jurisdiction in its Answer, *see* ECF No. 25–1.[2]

### B. Liability

#### 1. Default is Procedurally Proper

Six factors inform whether default is procedurally warranted: "[(1)] whether material issues of fact are at issue, [(2)] whether there has been substantial prejudice, [(3)] whether the grounds for default are clearly established, [(4)] whether the default was caused by a good-faith mistake or excusable neglect, [(5)] the harshness of a default judgment, and [(6)] whether the court would think itself obliged to set aside the default upon the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (numeration added).

---

[2] Even though the Answer was stricken, Plaintiffs' complaint also alleged the events giving rise to this case occurred in Texas. ECF No. 1 at 5.

A default judgment against MFT is procedurally proper. First, there are no disputed material issues of fact. MFT's Answer was stricken because it twice failed to obtain counsel. ECF No. 25; *see K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."). Plaintiffs' allegations are therefore deemed admitted because there is no operative "responsive pleading." *See* Fed. R. Civ. P. 8(b)(6) ("An allegation ... is admitted if a responsive pleading is required and the allegation is not denied.") Second, MFT cannot claim default judgment would substantially prejudice them because the Court warned MFT of their need to retain counsel, and their subsequent inaction "has ground the adversary process to a halt." *Joe Hand Promotions, Inc v. Fusion Hookah, LLC.*, 2020 WL 6876208, at *2 (W.D. Tex. Nov. 23, 2020). Third, MFT's failure to follow through by making an appearance, alongside the Court's notice of default, "clearly established" grounds for default. These circumstances foreclose any basis for claiming that MFT's default resulted from a good-faith mistake or excusable neglect, which would result in any entry of default judgment, to be unduly harsh, the fourth and fifth factors. Nor is the Court aware of any facts that give rise to "good cause" to set aside default if challenged by MFT.

**2. The Complaint Provides a Sufficient Basis for Default Against MFT**

The Court now looks to the substantive merits of Plaintiffs' claims against MFT. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact [and] is concluded on those facts by the judgment…." *Jackson v. FIE Corp.*, 302 F.3d at 524 (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Although the Court must accept the plaintiff's well-pleaded facts as true, the Court then asks whether there is a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr.*, 515 F.2d at 1206; *see also* 10A Wright, Miller et al., FED. PRAC. & PROC. CIV. § 2688 (3d ed. 2002) ("Even after default,

4

however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). In other words, "whether the factual allegations in the complaint—apart from those about damages—if taken as true, would state a claim upon which relief can be granted." *D'Costa v. Abacus FoodMart Inc.*, 3:20-CV-76, 2023 WL 1094019, at *3 (S.D. Tex. Jan. 26, 2023), *adopting report and recommendation*, 2023 WL 2088424. In conducting this analysis, the Court draws "meaning from the case law on Rule 8," requiring "a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 498 (5th Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiffs' cause of action arose under the FLSA for unpaid overtime wages. The FLSA requires employers to pay overtime compensation to "employees who work more than forty hours during a workweek unless such employees are [exempt]." *Bondy v. City of Dallas,* 77 Fed. Appx. 731, 732 (5th Cir. 2003). At the outset, Plaintiffs pled they are not exempt from the FLSA, that is, they are subject to the FLSA overtime-pay requirement. "Whether an employee is exempt under FLSA is mainly a fact issue determined by salary, duties, and application of the factors in 29 C.F.R. § 541.0 et seq.; however, the ultimate determination is a question of law." *Lott v. Howard Wilson Chrysler–Plymouth, Inc.*, 203 F.3d 326, 330–31 (5th Cir. 2000). The exemptions are narrowly construed against the employer, and the employer bears the burden of demonstrating that an employee is exempt. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002) (citing *Dalheim v. KDFW–TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)). "[T]he general rule [is] the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188,

196–197 (1974). Because MFT failed to plead any affirmative defense, the Court treats Plaintiffs as non-exempt employees.

"To succeed on an FLSA claim, a plaintiff must show that: (1) plaintiff was employed by defendant(s); (2) in plaintiff's work for the defendant(s), plaintiff was engaged in 'an enterprise covered by the FLSA'; and (3) defendant failed to pay plaintiff overtime pay for all hours worked in excess of forty hours for one or more work week." *Hayes v. Primavera Primary Home Care, Inc.,* No. SA-16-CV-575-XR, 2017 WL 564115, at *2 (W.D. Tex. Feb. 10, 2017) (citing *Oroczo v. Plackis*, 757 F.3d 445, 447 (5th Cir. 2014)). Overtime compensation must be at "a rate not less than one and one-half times the regular rate at which [plaintiff] is employed." 29 U.S.C. § 207(a)(1).

Plaintiffs have pled facts that meet these elements. First, Plaintiffs plead they were employed by MFT. Plaintiffs assert they were hired as "helpers" by MFT between June 2022 to November 2022 and assisted operators in performing "oil and gas operations." *See* ECF No. 1 at 1; *see* 29 U.S.C. § 203(g) (employ means to "suffer or permit to work," meaning that an alleged employee spent time performing a principal activity for the benefit of the alleged employer.") Plaintiffs have likewise adequately alleged MFT is an employer under the FLSA. ECF No. 1 at 1; *see* 29 U.S.C. § 203(d) (defining "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). Second, Plaintiffs have alleged they were engaged in a covered enterprise under the FLSA. *See* ECF No. 1 at 2 (alleging MFT was "an enterprise engaged in interstate commerce" with "annual gross volume of sales" exceeding $500,000); 28 U.S.C. § 203(s)(1) (an "enterprise engaged in commerce or in the production of goods for commerce" include[s] an enterprise that: (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."). Third, MFT failed to pay Plaintiffs overtime wages for all hours worked in excess of forty hours a week. *See* ECF No. 1 at 2. Plaintiffs are entitled to a default judgment as to liability on the FLSA.

### C. Damages and Fees

Plaintiffs seek to recover unpaid overtime and liquidated damages, as well as attorney's fees. An employer who violates the overtime provisions of § 207 of the FLSA is liable to the affected employee for unpaid overtime compensation, as well as liquidated damages equal to the amount of unpaid wages for willful violations of the statute. *See* 29 U.S.C. § 216(b). While Plaintiffs have stated a plausible claim for relief under the FLSA. A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Damages awarded in a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Usually, non-liquidated damages are proven at a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)) (explaining the general rule that non-liquidated damages in default judgment are not awarded without an evidentiary hearing). However, where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is unnecessary. *Id.* The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

1. **FLSA Damages**

Although employers are generally the party in possession of payroll and personnel records necessary to calculate damages with certainty, courts find employee affidavits to be sufficient evidence when employers fail to participate in FLSA cases. *See Champion v. Phaselink Util. Solutions, LLC*, 22-CV-145, 2022 WL 3693461, at *8 (W.D. Tex. Aug. 24, 2022) (citing cases). Likewise with liquidated damages, an employer is the one to put on a good faith defense. *See id.* (citing case); *id.* ("An award of liquidated damages is mandatory when a defendant fails to plead and prove good faith.") (citation omitted).

In support of damages, Plaintiffs submitted affidavits from Martinez and Alvarez as proof of entitlement. ECF Nos. 27–1, 27–2. These adequately detail the unpaid overtime hours for the period at issue. ECF Nos. 27-1, 27-2. Since these are capable of mathematical determination, the amount can be reliably computed from the record and without a hearing. *See* Fed. R. Civ. P. 55(b)(2).

Martinez states he was paid $769.53 per week. Based on this contracted salary, his overtime rate is calculated as follows: $769.53[3] (weekly salary)/72 (hours per week) = $10.69 (effective hourly rate)/2 = $5.35 (half-time premium). Martinez attests that from June 2022 until November 2022, he worked around 72 hours per week but was not paid overtime for hours worked over forty (40). So MFT owes him $3,766.40: $5.35 x 32 (overtime hours per week) = $171.20 x 22 (weeks worked) = 3,766.40 x 2 (liquidated damages multiplier) = $7,532.80.[4] Under the same calculations for Alvarez, Alvarez attests MFT owes him $4,231.04 x2 (liquidated damages) = $8,462.08.[5]

---

[3] While Martinez's Affidavit states $769.53, Plaintiff's motion for default calculates this based on a salary of $760/week. This appears to be a typographical error, as using $769.53 divided by 72 results in $10.69.

[4] Plaintiff used this number in its motion, *see* ECF No. 27 at 6–-7, but incorrectly stated $6,353.50 in both unpaid wages and liquidated damages in the Proposed Final Judgment. *See* ECF No. 27–5.

[5] The Proposed Final Judgment incorrectly states $1,650 in both unpaid wages and liquidated damages. *Id.*

Accordingly, the Court will award these compensatory and liquidated damages to Martinez and Alvarez, and MFT shall be ordered to pay the total amount of $7,532.80 to Jorge Martinez and $8,462.08 to Martin Alvarez.

### D. Attorney's Fees

The FLSA also allows courts to award Plaintiff reasonable costs and attorneys' fees. *Medina v. Fed. Janitorial Servs.,* 2013 WL 8480147, at *15 (W.D. Tex. Sept. 24, 2013) (citing 29 U.S.C. § 216(b)). "The burden rests on the plaintiff to show the reasonableness of the hours billed and, therefore, plaintiff's counsel is also charged with proving that they exercised billing judgment." *Id.* (citing *Salzan v. Delta Concrete Prods*, Co., 448 F.3d 795, 799 (5th Cir. 2006)). Allowed costs are limited to those categories listed under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010).

A court must use the traditional "lodestar method" to calculate an appropriate attorney-fee award under the FLSA. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking reimbursement of attorney fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records and the reasonableness of the hourly rate. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time it finds to be excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended, and there is a strong presumption of the reasonableness of the lodestar amount. *Saizan*, 448 F.3d at 800.

Plaintiffs seek attorney's fees in the amount of $23,300 (at a rate of $500/hour) and $537 in expenses. Plaintiffs submitted a declaration of counsel in support of their counsel's legal fees and costs. *See* ECF Nos. 27-3. The declaration included a detailed record of billing and charges, which lists 46.6 hours worked. But "federal judges are themselves experts in assessing matters of attorney fees" and can award what is deemed reasonable. *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246, 2024 WL 1161730, at *4 (W.D. Tex. Mar. 18, 2024). The Court rejects Plaintiff's hourly rate of $500 and instead finds $400 to reasonable and the appropriate rate. *See id.* at *9 (rejecting $500 rate); *Mora v. DJR, Inc.*, No. A-23-CV-557-RP, 2024 WL 3886501, at *3 (W.D. Tex. Aug. 2, 2024) (stating $400 "fee is reasonable"); *see also Vargas v. Erevia*, No. 1:23-CV-289-RP, 2024 WL 3085178, at *4 (W.D. Tex. June 21, 2024) (explaining a $400 hourly rate is customary for a labor lawyer with given experience). At this rate, Plaintiffs are entitled to $18,640 in attorney's fee ($400/hour x 46.6 = $18,640).

Plaintiffs seeks costs for filing fees in the amount of $402 and process server fees in the amount of $135. The Court reduces the process server fee to $65 in accordance with the prevailing rate of U.S. Marshall service. *See* 28 C.F.R. § 0.114(a)(3).

## CONCLUSION

Accordingly, Plaintiffs' Motion for Default Judgment (ECF No. 27) is **GRANTED IN PART.** Plaintiff Martinez Jorge A. Martinez is entitled to $7,532.80 and Plaintiff Martin Alvarez is entitled to $8,462.08 in damages. Plaintiff is awarded $18,640 in attorney's fees and $467 in costs. A final judgment in favor of Plaintiffs shall issue pursuant to Rule 58.

**IT IS FUTHER ORDERED** that the Clerk of the Court is **DIRECTED** to terminate this case upon entry of the final judgment.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of October, 2024.

                                                    _____
                                                    XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE